UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:04-CR-00180-SEB-DML |
| | ) | |
| RODNEY ALLEN DEHART, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker on July 18, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on July 18, 2011, (the "Petition") and to submit proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held on June 28, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] [Dkt. 4.]  Mr. Dehart appeared in person with his appointed counsel, William H. Dazey. The government appeared by Zachary A. Myers, Assistant United States Attorney. U.S. Parole and Probation appeared by Troy A. Adamson, U.S. Parole and Probation Officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* Title 18 U.S.C.  §3401(e).

1. William H. Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Dehart in regard to the Petition.

2. A copy of the Petition was provided to Mr. Dehart and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Mr. Dehart was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the Petition.

4. Mr. Dehart was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Dehart was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Dehart had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Dazey stated that Mr. Dehart would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Dehart executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Dehart, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall not commit another federal, state or local crime."* |

On July 6, 2011, a search of the offender's residence was conducted. Inside the offender's bedroom, this officer discovered a methamphetamine lab, including methamphetamine making materials. Officers also discovered a bag of marijuana; glass pipes for ingesting drugs; straws with methamphetamine residue; a bag of methamphetamine; digital scales with methamphetamine residue; and small blue ziploc bags. Inside the residence, officers also found marijuana; drug paraphernalia; a drawer containing hypodermic needles; two boxes of .45 caliber ammunition; a 51 pound bag of ammonium nitrate and other items used in manufacturing methamphetamine. Inside the offender's truck, officers located digital scales, receipts showing the purchase of large amounts of cold products and shelf cards of Sudafed products.

The offender is charged in Madison County under 48C03-1107-FB-001272 with Possession of Methamphetamine; Possession of Marijuana; Possession of Paraphernalia; Maintaining a Common Nuisance; Possession of more than 10 grams of Drug Precursor within 1,000 feet of a School; Dealing Methamphetamine and Failure to Register as a Sex or Violent Offender.

The Court directly inquired of Mr. Dehart whether he admitted the violation of his supervised release as set forth above. Mr. Dehart stated that he admitted the above violation. The government moved to dismiss specifications numbered 2, 3, 4, 5, 6 and 7 contained in the Petition, and the Court dismissed the same.

Counsel for the parties further stipulated to the following:

1)   Mr. Dehart has a relevant criminal history category of V, U.S.S.G. §7B1.4(a).

2)   The most serious grade of violation committed by Mr. Dehart constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3)   Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Dehart is 30-37 months, however the statutory maximum sentence of imprisonment is 24 months.

>   4) The appropriate disposition of the case would be: (a) that Mr. Dehart's supervised release should be revoked; and (b) that Mr. Dehart should be sentenced to a term of imprisonment of 20 months with no supervised release to follow.

The Court, having heard the admissions of the Defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the Defendant, RODNEY ALLEN DEHART, violated the specified condition of supervised release as delineated above and in the Petition. The Defendant's supervised release is therefore **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of 20 months, with no supervised release to follow.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Dehart's supervised release and imposing a sentence of imprisonment of 20 moths in the custody of the Attorney General or his designee with no supervised release to follow.

IT IS SO RECOMMENDED this 07/02/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel via electronic notification.